JUSTICE COTTER
dissents.
¶22 I dissent from the Court’s Opinion.
¶23 As the Court notes, in order for a probation condition to be deemed proper, “a nexus must exist between the probation conditions and the offense or the offender.” Opinion, ¶ 10 (citing Guill, ¶ 59). Further, a court may impose an offender-related condition if the conduct to be restricted is “recent, and significant or chronic.” Opinion, ¶ 11 (citing Ashby, ¶ 15). Finally, the record must contain facts supporting the restriction in question. Opinion, ¶ 14 (citing Ashby, ¶ 19).
¶24 The incidents leading to the charges against Green were not alcohol related. Because there is no nexus between the condition and the offense, there must be a nexus between the condition and the offender for the restriction to be supportable. Guill, ¶ 59. There is none. The PSI indicates Green’s use of alcohol is rare, with his last recollected use of alcohol involving two beers at a conference nearly a year before the PSI was prepared. Thus, the requirement that the conduct to be restricted must be "recent, and significant or chronic” is clearly unmet.
¶25 The Court likens this case to Heddings. Opinion, ¶ 17. It is not similar. In Heddings, we noted: ‘The PSI addresses, among other things, Heddings’ history of compulsive sexual behavior, alcohol abuse and drug use.” Heddings, ¶ 16. We further noted that the psychologist evaluating Heddings recommended that he abstain from using alcohol while completing sex offender treatment. Heddings, ¶ 16. We concluded that based upon Heddings’ history and the specific recommendations of the psychologist, a nexus existed between the alcohol conditions and Heddings as an offender, and that the restrictions were necessary for the rehabilitation of Heddings and the protection of society. Heddings, ¶ 17.
¶26 By contrast, Green has no history of alcohol abuse or drug use. Moreover, his treating psychologist did not make any recommendations regarding alcohol restrictions; in fact, she stated in her report to the Court: ‘Mr. Green’s record does not reflect an extensive history of violence or any complications from substance *522 issues; what is reflected is marital difficulties and medical and financial stress.”(Emphasis in original.) Heddings is therefore wholly inapposite.
¶27 The Court concludes that prohibiting Green from consuming alcohol will help prevent him from repeating the same criminal conduct that gave rise to his sentence. Opinion, ¶ 17. With due respect, there are no facts in the record to support this conclusion-indeed, the Court recites none. In Ashby, this Court unanimously concluded that because alcohol was not used in the commission of the crime, the PSI revealed no history of alcohol or drug abuse, and no facts in the record supported the restriction, the alcohol restriction imposed by the District Court must be reversed. Ashby, ¶¶ 16, 19. This case presents the identical situation. I would therefore reverse the imposition of the alcohol-related conditions, and I dissent from our refusal to do so.
JUSTICE NELSON joins in the Dissent of JUSTICE COTTER.